*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. P. BUSH, Minor.

UNPUBLISHED
September 22, 2022

No.  360798
Oakland Circuit Court
Family Division
LC No.  2021-883431-NA

Before:  GLEICHER, C.J., and MARKEY and PATEL, JJ.

PER CURIAM.

Respondent appeals as of right the trial court's order terminating her parental rights to AB under MCL 712A.19b(g) (failure to provide care and custody), (i) (parental rights to one or more siblings previously terminated due to serious and chronic neglect, and conditions causing this prior termination were not rectified), and (j) (reasonable likelihood based on parent's conduct that child will be harmed if returned to home of the parent).[1]  Because we find that termination is in the best interests of the child, we affirm.

## I.  BACKGROUND

Respondent's history with the Department of Health and Human Services (DHHS) began with the birth of her first child in 2012. DHHS provided services to respondent beginning in 2012. But she did not successfully complete or benefit from the services. Consequently, her parental rights were terminated with regard to her two oldest children in 2017 and her third child in 2019. In 2021, respondent gave birth to AB. Respondent did not receive prenatal care during her pregnancy with AB. At the time of AB's birth, respondent did not have stable housing and was

---

[1] The permanent custody petition requested that respondent's parental rights to AB be terminated under MCL 712A.19b(3)(c)(*i*), (g), and (j). But petitioner later clarified that there was a typographical error in the petition and it sought termination of respondent's parental rights under MCL 712A.19b(3)(g), (i), and (j).

unemployed.[2] There were also indications that respondent was not managing her mental health issues.

Three days after AB's birth, DHHS filed a petition requesting that the trial court take jurisdiction over AB under MCL 712A.2(b)(1) and (2) and terminate respondent's parental rights to AB under MCL 712A.19b(3)(g), (i), and (j). Respondent pleaded no contest to the factual allegations in the petition to establish jurisdiction and a statutory basis for termination. The referee found that there were statutory grounds to exercise jurisdiction over AB pursuant to MCL 712A.2(b)(1) and (2). The referee determined that clear and convincing evidence established a statutory basis to terminate respondent's parental rights pursuant to MCL 712A.19b(3)(g), (i), and (j). Respondent was referred for a psychological assessment to aid in determining AB's best interests. Following a hearing, the referee found by a preponderance of the evidence that termination of respondent's parental rights was in AB's best interests. The trial court adopted the referee's findings and terminated respondent's parental rights to AB. This appeal followed.

## II. STANDARD OF REVIEW

We review a trial court's decision that termination is in the child's best interests for clear error. *In re Schadler*, 315 Mich App 406, 408; 890 NW2d 676 (2016). A finding is clearly erroneous when this Court is "left with a definite and firm conviction that a mistake has been made." *Id.* (quotation marks and citations omitted). "To be clearly erroneous, a decision must be more than maybe or probably wrong." *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). This Court must consider "the special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." *Id.*

## III. ANALYSIS

Respondent does not challenge the trial court's determination that statutory grounds existed for terminating her parental rights. Rather, she argues that the trial court clearly erred by finding that termination of her parental rights was in AB's best interests. We disagree.

Whether termination is in the children's best interests must be established by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). The focus of the best-interest determination is on the child, not the parent. *In re Schadler*, 315 Mich App at 411. Factors to be considered for purposes of the best-interest analysis include "the child's bond to the parent, the parent's parenting ability, the child's need for permanency, stability, and finality, and the advantages of a foster home over the parent's home." *In re Olive/Metts Minors*, 297 Mich App 35, 41-42; 823 NW2d 144 (2012) (citations omitted). Other relevant factors include "the parent's compliance with his or her case service plan, the parent's visitation history with the child, the children's well-being while in care, and the possibility of adoption." *In re White*, 303 Mich App 701, 714; 846 NW2d 61 (2014). "If the court finds that there are grounds for termination of parental rights and that termination of parental rights is in the child's best interests, the court

---

[2] Respondent has not had stable housing since 2018.

shall order termination of parental rights and order that additional efforts for reunification of the child with the parent not be made." MCL 712A.19b(5).

In this case, the respondent has a lengthy history of DHHS involvement. Her failure to participate in and benefit from court-ordered services resulted in the termination of her parental rights to her three oldest children. Respondent has untreated mental health issues that she refuses to address and adamantly denies exist.[3] Respondent's history with DHHS, lack of stable housing, and lack of income prompted AB's removal from respondent's care and supervision within days of AB's birth. The revolving nature of DHHS's involvement with respondent over a span of nearly ten years suggests that the cycle would likely continue.

And, while respondent was, at times, engaged during her weekly supervised parenting time with AB, at other times she watched videos, listened to music, worked on her resume, or was otherwise distracted. The foster-care worker opined that there was a limited bond between respondent and AB. In fact, respondent informed the foster-care worker that she would prefer to go to work rather than attend in-person visits with AB. Conversely, there was evidence of a strong bond between AB and his foster parents. AB's needs for permanence, stability, and long-term safety outweigh any bond with respondent that may exist.

The referee's findings, which the trial court adopted, were supported by a preponderance of the evidence. We are not left with a definite and firm conviction that a mistake has been made, Accordingly, we conclude that the trial court did not clearly err in finding that termination of respondent's parental rights was in AB's best interests.

## IV. CONCLUSION

For the reasons stated in this opinion, we affirm the trial court's order terminating respondent's parental rights.

/s/ Elizabeth L. Gleicher
/s/ Jane E. Markey
/s/ Sima G. Patel

---

[3] This Court recognized respondent's lack of insight into her mental health with regard to the termination of her parental rights to her two oldest children. *In re Bush*, unpublished per curiam opinion of the Court of Appeals, issued August 22, 2017 (Docket No. 336729), p 2 (stating that respondent "believed that she was not mentally ill and did not require treatment."). Five years later, respondent still clings to that same belief. But respondent pleaded no contest to the factual allegations in the petition to establish a statutory basis for termination of her parental rights to AB. Those allegations included that she had "untreated, severe mental health concerns that prohibit her from appropriately parenting [AB]."